STATE of Indiana ex rel. Frank E. JESTER, Relator,

v.

The MADISON CIRCUIT COURT and the Honorable Gary D. McCarty, as Special Judge Thereof, Respondents.

No. 1185S463.

Supreme Court of Indiana.

Jan. 24, 1986.

Ralph E. Sipes, Busby, Austin, Cooper & Farr, Anderson, for relator.

Max Howard, Anderson, for respondents.

GIVAN, Chief Justice.

Oral argument in this case was held in the Supreme Court Chambers on November 14, 1985. Following the oral argument, attorney for relator was advised that the Court was unanimous in its decision that the writ should be denied. Relator, through his attorney, subsequently filed his petition with the Clerk of this Court, thereby necessitating the issuance of this opinion.

The facts are: The relator, Frank Jester, began living with Deanna Haston in 1979. Although they never married, one child, Jennifer Nicole Haston, was born of the union. The parties separated in April, 1983, at which time they were residing in Sioux City, Iowa. Deanna moved to Indiana with Jennifer; however, relator took the child back to Iowa and instituted custody proceedings on July 18, 1983. The Honorable Phillip S. Dandos, Judge of Woodbury County, Iowa, granted custody of Jennifer to relator on December 21, 1983. Deanna was allowed visitation rights. She appealed the trial court's decision, which was affirmed by the Iowa Court of Appeals by memorandum decision on September 6, 1984. While the child was physically present in Indiana pursuant to the visitation provisions, Deanne filed a petition for a restraining order and a Verified Petition for Modification of Foreign Custody Decree in the Madison Circuit Court. She attached certified copies of the Iowa custody decree.

Judge Spencer issued a temporary restraining order and issued service of process to relator, who at that time was in Arizona, and set the matter for a hearing on December 20, 1984. The cause was continued to December 26, 1984, at which time relator filed his Motion to Dismiss for lack of subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act. Ind.Code § 31–1–11.6–1 *et seq.* After hearing the matter, Judge Spencer took the motion to dismiss under advisement until he could communicate with the trial court in Iowa.

On January 2, 1985, relator filed for a change of judge, which was granted. Gary McCarty, as Special Judge, assumed jurisdiction on February 5, 1985. Prior to this event, Judge Spencer received a letter from Judge Dandos in Iowa, stating that Iowa had no further interest in exercising jurisdiction over the case. On January 7, 1985, Judge Spencer made the restraining order permanent. After Judge McCarty assumed jurisdiction, relator filed a Motion to Reconsider Motion to Dismiss, which was never ruled upon. After several days the final custody hearing was held in bifurcated proceedings on May 30 and June 13, 1985. Judge McCarty entered his findings of fact, conclusions of law and judgment decree on June 25, 1985, wherein he modified the custody decree and awarded custody of the child to Deanna.

Relator filed his Motion to Correct Error on August 23, 1985, which apparently has not been ruled on at this time. It is relator's position that the trial court exceeded its jurisdiction by failing to enforce the Iowa custody decree and wrongfully exercised its jurisdiction contrary to the Iowa decree.

 Although there are several reasons why this writ would be denied on its merits, we place our sole ground for denial on the fact that relator has taken the child from the jurisdiction of Indiana contrary to the respondent court's order and continues to remain outside the jurisdiction of the courts of Indiana. This Court will not entertain a petition for equitable relief when the party asking for such relief is refusing and failing to do equity on his part. *Shaw v. Meyer-Kiser Bank* (1927), 199 Ind. 687, 156 N.E. 552.

In a case closer to the facts of this case, this Court held that a person who had seized a minor child in violation of a custody order and had taken the child from the jurisdiction of the court had no standing to ask for relief in this Court. *Michael v. Michael* (1969), Ind., 253 N.E.2d 261.[1]

We therefore hold the relator has no standing to seek relief in this Court by way of original action. The petition is denied.

DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

DICKSON, J., not participating.

---

1. This case was inadvertently omitted from the official Indiana Reports.